IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BOBBY McGIRT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:06CV771 |
| | ) | |
| THEODIS BECK, Secretary, | ) | |
| North Carolina Department of | ) | |
| Correction, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

**Sharp, Magistrate Judge**

Petitioner Bobby McGirt, formerly a prisoner of the State of North Carolina, brought this habeas corpus action challenging his 2004 state court convictions and 2005 probation revocation. State court records show that Petitioner McGirt was convicted, upon a plea of guilty, of three counts of obtaining property by false pretenses. (*See* Pleading No. 8, Resp't Br. Supp. Mot. to Dismiss, Ex. 1.) He was sentenced to eight to ten months imprisonment on each charge, suspended, with 36 months of supervised probation. *Id*. Petitioner's written plea agreement provided that he was pleading guilty to the "attached charge," and 3 counts of the charge of false pretenses were identified in the attachment to the plea agreement. A separate charge of fraud was dismissed in accordance with the terms of the plea agreement. *Id*. Petitioner's convictions became final on the day of judgment, June 24, 2004, as he did not appeal. Petitioner was represented by attorney Robert Reives.

Petitioner's probation was revoked and his suspended sentences activated on December 12, 2005. Petitioner was again represented by Mr. Reives. On December 21, 2005, Petitioner gave notice of appeal, but Petitioner's revocation was affirmed on appeal on March 20, 2007.

Petitioner filed a Motion for Appropriate Relief ("MAR") in Lee County Superior Court on January 20, 2006, challenging his probation revocation. He filed a second MAR on April 19, 2006, challenging his underlying convictions for obtaining property by false pretenses. On May 12, 2006, both MARs were dismissed. The North Carolina Court of Appeals denied certiorari review on July 7, 2006. A petition for discretionary review was subsequently denied by the North Carolina Supreme Court.

On September 11, 2006, Petitioner McGirt filed the habeas corpus petition now under review. Respondent has moved to dismiss the petition on statute of limitations grounds insofar as Petitioner challenges his convictions for false pretenses, and for summary judgment with regard to Petitioner's claims concerning the revocation of his probationary sentence. (Pleading Nos. 7 and 16.)

The Petition

In his habeas corpus petition, Petitioner McGirt contends that: (1) his rights were violated due to a broken plea agreement; (2) his counsel was ineffective at the probation revocation hearing for failing to argue to the court that he had been convicted only of one count of false pretenses, not three counts; (3) his rights under the Constitution were violated

during the revocation hearing; and (4) he was sentenced in June 2004 based upon an inaccurate conviction record. Respondent has answered the petition and moved for judgment on the grounds that Claims (1) and (4) are barred by the habeas corpus statute of limitations, and Claims (2) and (3) are without merit.

Discussion

Petitioner's convictions, based upon a plea of guilty, became final on the date of the entry of judgment, June 24, 2004. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). Under the habeas corpus statute of limitations, 28 U.S.C. § 2244(d)(1), Petitioner had one year in which to bring a federal habeas corpus action challenging his convictions. The one-year statutory period expired on June 24, 2005. However, Petitioner waited until September 11, 2006, to file his habeas petition. Accordingly, the petition, insofar as it challenges Petitioner's 2004 convictions, is out-of-time and must be dismissed on the basis of Respondent's statute of limitations defense. Petitioner's MAR regarding his convictions, filed April 19, 2006, cannot save the petition by means of tolling of the limitations period, *see* 28 U.S.C. § 2244(d)(2), since the limitations period had already expired on June 24, 2005. Claims (1) and (4) will accordingly be dismissed as time-barred under 28 U.S.C. § 2244(d)(1).

Claims (2) and (3) arose at the time of the revocation of Petitioner's probation, December 12, 2005, and thus are timely brought in the September 2006 petition. The Court

finds these claims to have been fully exhausted before the state courts. Nonetheless, for reasons that follow, the Court finds these claims to be without merit.

In Claim (2), Petitioner McGirt argues that his attorney was ineffective for failing to argue at the revocation hearing that this written plea agreement underlying his 2004 convictions called for him to be convicted of only one count, not three counts, of obtaining property by false pretenses. Under *Strickland v. Washington*, 466 U.S. 668 (1984), in order to prove ineffective assistance of counsel, a petitioner must show that his attorney acted in an objectively unreasonable fashion, and that this unreasonable representation prejudiced the petitioner. *Id*. at 687-96. Counsel is strongly presumed to offer effective assistance, and a court should apply a "heavy measure of deference" to an attorney's decisions. *Id*. at 690-91. Furthermore, a petitioner can only gain relief on a claim of ineffective assistance if he can show specific errors made by his attorney. *United States v. Cronic*, 466 U.S. 648 (1984).

With respect to the prejudice prong of the two-part test, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In the context of a guilty plea, the petitioner must show that he would not have pled guilty but for counsel's incompetence. *Hill v. Lockhart*, 474 U.S. 52 (1985).

In this case, Petitioner raises no substantial issue of either attorney error or resultant prejudice. Petitioner's written plea agreement provided that he was pleading guilty to "the

-4-

Case 1:06-cv-00771-PTS   Document 25   Filed 09/26/07   Page 4 of 8

attached charge," and 3 counts of the single legal charge of "obtaining property by false pretenses" were specified in the attachment. (Resp't Br., Ex. 1 at 8-11.) The plea agreement also provided that "all other charges will be dismissed," and a further attachment shows that a charge of "Fin. Id. Fraud" was dismissed in accordance with the agreement. *Id.* In view of the documentary record regarding Petitioner's plea agreement, it would have been futile for counsel at the revocation hearing to have argued that Petitioner had pled guilty to only one count of false pretenses. To the contrary, the record was unmistakably clear that he had agreed to "the attached charge," i.e., three counts of false pretenses. Accordingly, counsel made no error in argument, and Petitioner was not prejudiced by counsel's refusal to make a futile argument.

Claim (3) is a generalized, conclusory claim of "Violation of U.S. Constitutional Provisions." (Pleading No. 1, Pet. at 9, "Ground Three.") Petitioner argues that the revocation of his probation constituted cruel and unusual punishment and unlawful imprisonment and violated federal laws. These conclusory allegations may be dismissed out-of-hand. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992)(petitioner must come forward with some evidence, not conclusory argument), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). It appears that Petitioner premises this claim, like Claim (2), at least in part upon an argument that his plea agreement called for conviction of only one count of false pretenses rather than three counts, a mistaken argument for reasons shown above. To the extent that Petitioner argues an equal protection violation

-5-

related to his race as an African American, he has shown no evidence of such, and certainly has failed to present the "exceptionally clear proof" of discriminatory motive on the part of the judge that would be necessary in the context of this case. *See McCleskey v. Kemp*, 481 U.S. 279, 292-93 (1987).

In response to Respondent's motions to dismiss or for summary judgment, Petitioner McGirt has additionally claimed that his attorney at the revocation hearing was ineffective for admitting that Petitioner violated a condition of his probation, and that the trial court erred in revoking probation since there was a lack of evidence. These claims have no merit. At the revocation hearing, counsel for Petitioner admitted Petitioner's willful failure to pay money toward the monetary conditions of his probation. (Pleading No. 17, Resp't Supplemental Br., Ex. 6 at 2-3.) It is apparent from the transcript that this concession was based upon a factual record that could not have been refuted in any event. The probation officer testified that Petitioner had paid no money while on probation. *Id.* at 5-6. Moreover, the concession was a part of a strategy of counsel to argue for leniency for Petitioner. In closing argument, counsel stated,

> So all we're asking that instead of giving him prison time, allow him to pay restitution. And then, you know, if there's a concern about how he'll do on probation, put him on probation next. He stays on probation now, and if he does bad on probation, then, fine.

*Id.* at 27-28. Accordingly, the Court finds that counsel for Petitioner was not ineffective for conceding Petitioner's failure to pay. Nor was Petitioner prejudiced since the evidence on this point was strong, apart from counsel's concession, and Petitioner's probation was

revoked on the basis of two other violations as well. The state courts did not unreasonably apply Federal law in rejecting this constitutional claim by Petitioner. *See* 28 U.S.C. § 2254(d).

Finally, Petitioner McGirt argues that the trial court erred in revoking his probation since there was a lack of evidence. However, review of the transcript and the probation officer's testimony in this case demonstrates a legally sufficient basis for the revocation decision. Further, the state court's adjudication of this claim cannot be said to have been an unreasonable fact-finding or application of Federal law. *See* 28 U.S.C. § 2254(d); *State v. McGirt*, No. COA06-609, 2007 WL 817443 (N.C. App. Mar. 20, 2007) (Pleading No. 17, Ex. 4).

Accordingly, for reasons set forth above, the Court finds that Petitioner McGirt is not entitled to habeas corpus relief from either his convictions or his subsequent probation revocation. Therefore, **IT IS ORDERED** that Respondent's motions to dismiss or for summary judgment (Pleading Nos. 7 and 16) are **GRANTED** as set out above. Petitioner's motions to stay (Pleading No. 5) and to vacate his current confinement (Pleading No. 6) are **DENIED** as without merit. His motion for release based on prison credits (Pleading No. 24) is **DENIED** as not properly before the Court on Petitioner's habeas petition filed September 11, 2006.

A separate judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order.

                                    /s/ P. Trevor Sharp
                                United States Magistrate Judge


Date: September 26, 2007